IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETE ROOKE, | No. C 12-5040 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS** |
| v. | |
| MARK MARTELL, | |
| Respondent. | (Docket Nos. 2, 3) |

## INTRODUCTION

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition challenges a decision by the United States Department of Immigration and Customs Enforcement ("I.C.E.") that he is not a citizen and that he will be deported back to the United Kingdom when his state prison term is complete. He has applied for leave to proceed in forma pauperis and filed a motion for a writ of error coram nobis.

## ANALYSIS

**A.  STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

The petition challenges a decision by ICE officials to deport him to the United Kingdom after he completes his state sentence. The petition itself does not explain the grounds upon which petitioner challenges his deportation order, but rather refers to "attachments." Concurrently with the petition, petitioner filed a motion to vacate judgment or for a writ of error coram nobis. In his motion, petitioner asserts that the deportation order is based upon the determination by I.C.E. that petitioner is not a U.S. citizen and he has committed a felony. Petitioner does not dispute that he has committed a felony, but he contends that he is in fact a naturalized citizen of the United States. Therefore, he argues, he should not be deported.

As petitioner is not challenging the state court conviction for which he is in custody, neither a writ of habeas corpus under 28 U.S.C. 2254 nor a writ of error coram nobis are available to him. *See* 28 U.S.C. 2254 (providing for a writ of habeas corpus to inmates in state custody under a judgment from state court that violates federal law); *Telink, Inc. v. United States,* 24 F.3d 42, 45 (9th Cir. 1994) (writ of error coram nobis affords a remedy to attack a criminal conviction after petitioner has served his sentence and is no longer in custody).

A writ of habeas corpus under 28 U.S.C. 2241 is available to challenge certain actions by federal immigrations officials, such as a person's detention by I.C.E. while he or she awaits deportation. *See Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). However, the REAL ID Act of 2005, makes the United States Court of Appeals the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *Alvarez-Barajas v.*

*Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, § 106(a)).  Petitioner must challenge to the deportation order in the United States Court of Appeals for the Ninth Circuit, not here.

**CONCLUSION**

In light of the foregoing, the petition for a writ of habeas corpus is **DISMISSED** without prejudice to petitioner challenging his deportation order in the United States Court of Appeals for the Ninth Circuit.  Reasonable jurists would not find this court's dismissal of his petition debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

His application to proceed in forma pauperis (dkt. 2) is **GRANTED**.  His motion for a writ of error coram nobis (dkt. 3) is **DENIED**.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October  25   , 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

N:\ROOKE5040.DSM.wpd